RECEIVED

JAN 3 0 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| EARL JOSEPH GUIDRY, JR. | CIVIL DOCKET NO. 06-274 |
| VERSUS | JUDGE DOHERTY |
| GARY COPES, ET AL | MAGISTRATE JUDGE METHVIN |

## JUDGMENT

Pending before the Court is a Civil Rights Complaint (42 U.S.C. §1983) filed in *forma pauperis* on February 13, 2006 by *pro se* plaintiff Earl Joseph Guidry, Jr. On October 19, 2006, the Magistrate Judge issued a Report and Recommendation [Doc. 13] recommending plaintiff's complaint "be dismissed with prejudice as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §1915 (e)(2)(B)(i) and (ii)." On October 25, 2006 and October 27, 2006 plaintiff filed objections to the Report and Recommendation. For the following reasons, the Court DECLINES TO ADOPT the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation at this time:

## BACKGROUND

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is currently incarcerated at the Ouachita Correctional Center in Monroe, Louisiana, however, he complains of an incident which occurred in October 2005 while incarcerated at the Pine Prairie Corrections Center, Pine Prairie, Louisiana. In his original complaint plaintiff alleged the following:

On October 1, 2005 he was an inmate at the PPCC. On that date he alleges he was brutally attacked in his sleep by three unknown inmates. Plaintiff claims he was struck in the head and face and stabbed in the arm. He was sent to University Medical Center in Lafayette where he received stitches for an injury to his lip. He claims the attack left him with chipped and loosened teeth and a loud ringing sensation and loss of hearing in his right ear.

Plaintiff states his assailants were convicted of a disciplinary rules violation and placed in lock-down for 90 days. He claims that although the inmates were charged with striking him with their fists, in fact they were armed with home-made weapons. He complains the PPCC conducted no "shake-down" search of the facility following the assault. Plaintiff seeks compensation for pain, suffering, and anxiety, and punitive damages for the gross negligence and deliberate indifference of the defendants.

Because the Magistrate ruled his complaint was deficient, plaintiff was given an opportunity to "amend his complaint to provide the information required by Rule 8." [Doc. 9, p. 2][1] Plaintiff was specifically instructed to provide the following:

(1) the <u>full</u> name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what <u>each</u> defendant did to violate plaintiff's rights;

---

[1] Federal Rules of Civil Procedure Rule 8(a) states in pertinent part:

> A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, unless the Court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, (2) a short and plain statement of the claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.[2]

On July 14, 2006 plaintiff amended his complaint. In the amended complaint plaintiff claimed "...the act of deliberate indifference was performed by the staff on duty ... on the date of 9-30-05 a.m. - 10-1-05 a.m. in Bayou B dorm..." According to plaintiff, "25 or more inmates were placed in the dorm for reasons of emergency evacuation of Hurricane Katrina." [Doc. 10, p.1] Plaintiff faults defendants for not providing "... 24-hour surveillance by the staff on duty by having an officer on standby in the dorm for reasons of riot or unruly behavior, which was not in procedure by staff on duty for reasons unknown" [Doc. 10-1, p. 1]

Plaintiff further explains that on the evening in question, "a gang of inmates ... were gambling dice and rough housing in the rear dorm." Plaintiff claims the noise awakened him from his sleep. He asked his "bunkee" to ask the other inmates to "show some consideration" and not "rough house around [his] bunk." The inmates ignored plaintiff's request. [Doc. 10-1, p. 1] Plaintiff then went to the sally-port[3] to request assistance from a guard. He opened the observation room door and noticed that the guards on duty were "just sitting around talking not observing cameras or

---

[2] Additionally, plaintiff was instructed that, to the extent he seeks to name supervisory officials as defendants, he must allege (1) facts sufficient to demonstrate other personal involvement where the implementation of unconstitutional policies by those defendants [Doc. 9, p.3], (2) facts sufficient to establish that the two named defendants were deliberately indifferent to plaintiff's health or safety, and (3) to provide documentary proof that he attempted to exhaust available administrative remedies prior to filing suit in this Court.

[3] A "sally port" is "a large gate or passage in a fortified place." *Webster's Third New Int'l Dictionary* 2004 (unabridged ed.1986).

making any effort of notice through observation windows." [Doc. 10, p. 2] Plaintiff claims the officers did not respond to plaintiff's request for assistance, or to the fact that he informed the officers the inmates were "gambling dice." [Doc. 10, p. 2] However, shortly thereafter, the officers conducted a "head count" in the cell. Plaintiff went to sleep "... unaware of the schemes the 3 inmates who attack [him] plotted against [him] in order to avenge themselves of [his] effort for peace..." Plaintiff wore ear plugs to reduce the noise in the dormitory and therefore did not hear his assailants approach him. [*id.*, p. 2] Plaintiff alleges at approximately 2:30 a.m. the attack described above took place. Following the attack, plaintiff was escorted to a "holding tank" where he waited for four and one/half hours before being transferred to the local charity hospital for treatment. [*id.*]

Upon his return to prison, plaintiff was placed in lock-down for a period of five days and then returned to the dormitory. On an unspecified date following his return to the dormitory, plaintiff filled out a medical request form complaining of headaches. [*id.*, p. 3] On an unspecified date thereafter, plaintiff complained of ringing in his right ear. He was advised by the nurse the sensation would go away upon healing. [*id.*]

On an unspecified date thereafter, plaintiff met with Major Riley and requested the identities of the three assailants.[4] Plaintiff claims Major Riley refused his request. The following day (October 18, 2006) plaintiff was transferred to the J.B. Evans Correctional Center ("JBECC"). While at JBECC, plaintiff filed a "grievance" against PPCC by mail. Plaintiff states he did not know the name of the PPCC Warden or Assistant Warden. Plaintiff made a hand-written duplicate of his grievance and requested Lt. Bouselor at JBECC make a copy of the grievance for him. However,

---

[4] Due to other information provided in plaintiff's amended complaint, it appears he met with Major Riley on or about October 17, 2006.

-4-

plaintiff claims no copy was made, and his hand-written copy was not returned to him. Plaintiff claims he made a second hand-written duplicate of his grievance and mailed it to a family member. He also claims he instructed that family member to mail the document to this court. [*id.*, p. 4]

Plaintiff asserts the failure of the PPCC authorities to discipline his assailants encourages them to "continue in such behavior." [*id.*] [Doc. 13] Thus, it appears plaintiff is asserting a claim against defendants based on a "failure to protect," either under the Eighth or Fourteenth Amendment to the United States Constitution.[5]

## LAW AND ANALYSIS

"A District Court may dismiss as frivolous the complaint of a prisoner proceeding in *forma pauperis* if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complainant alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999) (citations omitted).

In response to the Magistrate's Order requiring plaintiff to supplement his Complaint, plaintiff submitted an Amended Complaint which the Magistrate concluded "provided little in the way of clarification." [Doc. 13, p. 6] The Magistrate further stated, "Nevertheless, it appears that Guidry has pleaded his best case and therefore further amendment would serve no useful purpose." [*id*]

Following issuance of the Report and Recommendation, plaintiff filed two documents which,

---

[5] The Eighth Amendment's "cruel and unusual punishment clause" protects the rights of convicted prisoners; the rights of pre-trial detainees are protected by the "due process clause" of the Fourteenth Amendment. The Court presumes plaintiff was a convicted prisoner at the time of the events sued upon, however plaintiff has not provided that information to the Court.

in part, alleged prison officials would not provide him with the information the Magistrate requested. [Docs. 14 and 15] While this Court offers no opinion on the merits of this case, not even a whisper, it finds it would be inequitable to deny petitioner's claim as frivolous until plaintiff has had further opportunity to obtain the information required by the Magistrate for purposes of Rule 8 of the Federal Rules of Civil Procedure. Again, although this Court offers no opinion on the merits of this case, the Court does not, at this juncture, find plaintiff's Complaint to be based on an "indisputably meritless legal theory." Harper, supra. However, the Court cautions plaintiff his opportunity to obtain the requested information is not limitless, and plaintiff must either retain counsel or provide the requested information to the Court no later than July 31, 2007.[6]

Finally, plaintiff asks the Court "to toll" this case until he is "released back to society." [Doc. 14, p. 2] The Court is without authority to toll this case and consequently, plaintiff's request is DENIED.

**Due to the foregoing, the Court DECLINES TO ADOPT, at this time, the Magistrate's Recommendation that this matter be dismissed with prejudice. However, plaintiff must supplement his complaint with the information required by Federal Rule of Civil Procedure Rule 8 or obtain counsel no later than July 31, 2007. If plaintiff fails to provide supplemental information, his complaint will be dismissed with prejudice at that time. If plaintiff does**

---

[6] The Court strongly suggests plaintiff attempt to retain an attorney if he indeed wishes to pursue a claim for violation of his civil rights, as this is a difficult area of the law with very unique nuances. This Court notes the Magistrate previously denied plaintiff's request for appointment of counsel. As plaintiff has not appealed that Order but has merely reiterated the request in his Objection, the Court will not address his request for counsel other than to say this Court would likely deny such an appeal. This Court may only overturn the Magistrate's Order denying plaintiff's request for appointment of counsel if that decision was "clearly erroneous or contrary to law," which is a very high standard. See 28 U.S.C. §636. Furthermore, as stated in the Magistrate's Order, prior to requesting appointment of counsel, plaintiff must demonstrate "exceptional circumstances" warranting the appointment of counsel and must further demonstrate the efforts made to secure counsel on his own behalf. Plaintiff has failed to comply with these requirements.

provide supplemental information, his claim will be reevaluated upon receipt of the supplemental information.

THUS DONE AND SIGNED this ___ day of _____, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 1/30/07
BY: CW
TO: RFD
    CG