# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**EARL JOSEPH GUIDRY, JR.**              **CIVIL ACTION NO. 06-0274**

**VS.**                                                     **SECTION P**

**GARY COPES, ET AL.**                      **JUDGE DOHERTY**

                                                              **MAGISTRATE JUDGE METHVIN**

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 13, 2006 by *pro se* plaintiff Earl Joseph Guidry, Jr. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Ouachita Correctional Center, Monroe, Louisiana, however, he complains that the defendants failed to protect him from his fellow inmates while he was incarcerated at the Pine Prairie Corrections Center (PPCC), Pine Prairie, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the reasons provided in the original Report and Recommendation of October 18, 2006 [doc. 13], and, for the following additional reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted.

Plaintiff filed his civil rights complaint on February 13, 2006. [doc. 1] On June 29, 2006 the undersigned directed plaintiff to amend his complaint to provide the information required by F.R.C.P. Rule 8. Specifically, plaintiff was directed to provide (1) the full names of each person who was alleged to have violated plaintiff's constitutional rights; (2) a description of what

2

actually occurred or what each defendant did to violate plaintiff's rights; (3) the place and date that each incident occurred and (4) a description of the injury sustained by plaintiff as a result of the alleged violation. [doc. 9, p. 2] On July 14, 2006 plaintiff amended his complaint. [doc. 10-1]

On October 18, 2006 the undersigned, noting that plaintiff's amended complaint failed to provide the information requested, recommended dismissal of the complaint as frivolous and for failing to state a claim for which relief might be granted.  Among other things, the undersigned observed that plaintiff had named only two defendants: Warden Copes and Captain Victoria. The undersigned concluded that plaintiff's repeated failure "... to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the defendants..." warranted dismissal. [doc. 13, p. 7]  Since plaintiff offered no evidence to suggest that either Copes or Victoria "... were objectively aware of any risk of harm to the plaintiff..." the undersigned also recommended dismissal based on the plaintiff's failure to allege "... any facts to support his claim that either of these two defendants were deliberately indifferent to his health or safety..." [doc. 13, p. 8]

Plaintiff timely objected to the recommendation and implied that prison authorities denied him the information he needed to effectively plead his case. [docs. 14 and 15]  On January 30, 2007, the Court rejected the Report and Recommendation based on plaintiff's objections. The Court determined that it would be inequitable to deny these claims as frivolous without first giving plaintiff the opportunity to obtain the information requested in the original memorandum order.  The Court then directed plaintiff to "... supplement his complaint with the information required by Federal Rule of Civil Procedure Rule 8 or obtain counsel no later than July 31, 2007." The Court further cautioned that plaintiff's failure to provide the information as directed

3

would result in the dismissal of his complaint with prejudice. [doc. 17-1, p. 6]

Plaintiff has not amended his complaint within the period provided.

Therefore,

**IT IS AGAIN RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on August 13, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)